37 329
67 255
37h 329
62ad594.
37h 329
68 AD³419

---

CHARLES B. KING, RESPONDENT, *v.* PATRICK J. FLYNN AND REBECCA T. FLYNN, APPELLANTS, IMPLEADED WITH JOHN H. FINN.

*Proceedings to punish for contempts — distinction between civil and criminal contempts — Code of Civil Procedure, tit.* 3, *chap.* 17 — *limits of the indemnity to be allowed to a party injured by a contemot punishable civilly — Code of Civil Procedure, secs* 8 *to* 14.

Where proceedings are instituted by a party to a civil action to have another party thereto adjudged guilty of a contempt for refusing to answer questions propounded to him on his examination under an order made for that purpose, pursuant to section 873 of the Code of Civil Procedure, the misconduct can only be punished as prescribed in title 3 of chapter 17 of the said Code.

The provisions of the said Code, prescribing the punishments to be inflicted upon one adjudged guilty of a criminal contempt, do not apply to such a proceeding.

The punishment to be imposed upon a person adjudged in contempt, in a proceeding taken by a party to a civil action, is by a fine sufficient in amount to indemnify the aggrieved party for the "loss or injury" occasioned by the misconduct complained of, together with the costs and expenses incurred by him in the vindication of his right.

*Quære,* as to whether the fine of $250, the imposition of which is authorized by section 2284, should not when collected be paid into the county treasury. (BOCKES, J.)

That, as in this case the only loss or injury sustained by the plaintiff was a fruitless attendance before the officer appointed to take the examination, his indemnity should not be greater than the amount fixed by law for similar or analogous services, and should not in this case exceed ten dollars.

That the costs and expenses incurred by the plaintiff in vindicating his rights should be included in the allowance, but should be limited to motion fees and disbursements.

That counsel fees could not be included therein.

APPEALS from orders, made at Special Term, adjudging the defendants guilty of contempts and imposing fines upon them.

*Hale & Bulkley,* for the appellants.

*Charles B. King,* respondent, in person.

BOCKES, J.:

This is an appeal by each of the defendants — by the defendant Patrick Flynn from an order granted herein, declaring him in contempt for refusing to answer questions propounded to him on his examination, under an order made for that purpose, pursuant to section 873 of the Code of Civil Procedure, and imposing a fine of $200 because of such contempt, and by the said Patrick's wife from a like order imposing upon her a fine of $100.

The proceeding was taken in a civil action by a party thereto; not for the purpose of having the defendants punished criminally under the provisions of the Code of Civil Procedure, making the misconduct charged punishable as a criminal or *quasi* criminal offense. (Secs. 8, 9, 10 and 11.) It is expressly declared by section 12 that the last four sections cited shall not extend to a special proceeding to punish a person for a violation of duty or other misconduct specified in section 14, entitled "contempts punishable civilly." Nor has section 874 of the Code of Civil Procedure here

application. That section contemplates a case where the party fails to attend to be examined pursuant to an order made therefor; not to a case, like the present, when the party refuses to answer proper questions on or during the examination. This proceeding was taken under section 14, which gives to the court power to punish misconduct "by which a right or remedy of a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded or prejudiced" in the several cases there specified, one of which instances of misconduct specified is the refusing "to answer as a witness." (Sub. 5.) This was the misconduct sought to be punished by this proceeding. The mode of proceedure to be observed having that end in view is pointed out in title 3, chapter 17 of the Code of Civil Procedure, entitled "Proceedings to punish a contempt of court other than a criminal contempt," commencing with section 2266, which latter section refers in terms to the cases within the purview of section 14 ; and it should be here noted that section 2266 expressly declares that the misconduct of a party, like that here charged, "must be punished as prescribed in this title."

Now it will be seen on an examination of the several sections of title 3, above cited, that the punishment to be imposed upon the person adjudged in contempt in a proceeding taken by a party to a civil action, having in view punishment for a contempt "other than a criminal contempt," is by fine with compulsory process for its enforcement, sufficient in amount to *indemnify* the aggrieved party for his "loss or injury" by reason of the misconduct charged, together with the costs and expenses incurred by him in the vindication of his right ; the same to be imposed upon the offender, and collected and paid over *to him ;* that this is all the "aggrieved party" is entitled to claim and have is manifest from the reading of the several sections of the Code referred to, although an additional fine not exceeding $250 may in some instances be imposed. (Sec. 2284.) It may, perhaps, be reasoned out that the additional fine beyond the complainant's costs and expenses, authorized to be imposed by that section, should be directed to be paid when collected into the treasury of the State. (See sec. 2290 and other secs. in tit. 3.) But to whom such additional fine, when imposed, should be paid we need not here determine, as in this case there was

no imposition of such additional fine. This is shown by the terms of the orders themselves, even were it a case where that might have been done. By that against Patrick Flynn, he was ordered and adjudged to pay to the plaintiff a fine of $200 to *indemnify* him for loss and damage he had sustained because of his (Patrick's) misconduct; and by that against Mrs. Flynn, she was ordered and adjudged to pay a fine of $100 to answer a similar indemnity, because of her misconduct. These sums, according to the order, were to be collected and paid over to the plaintiff as an *indemnity* to him.

In the course of the argument stress was laid by counsel on the fact that the orders declare that the conduct of the defendants on the examination was defiant, willful and contumacious; but this is of no particular significance in this case, where the proceeding was by a party to a civil action to punish for a contempt other than a criminal contempt, and where the order was made for his indemnity only. As above stated, sections 8, 9, 10 and 11, which define and provide for criminal contempts, are declared by section 12 not to extend to the present case, being one provided for by section 14, punishable civilly.

The question then is presented whether, in view of the provisions of the Code applicable to the subject, the imposition of the fines to the amount of $300 for the purpose declared in the orders, to wit, as an indemnity to the plaintiff for the loss and damage he had sustained in the premises (see orders) can be justified in law under the facts and circumstances of this case.

We may pass that part of the original orders adjudging the defendants in contempt, as that subject was disposed of by their affirmance in that respect by this court on the former appeal. The matter of complaint now to be considered is the amount imposed as a fine and directed to be paid over to the plaintiff for his indemnity as in the orders specified. It may be here observed that the costs and expenses attending the former appeal are not here to be considered at all. Those costs and expenses were looked to and disposed of on that appeal; so too the correcting of the original orders as to some informalities is here of no importance. We take the case as a simple motion at Special Term to determine whether the questions propounded to the defendants respectively on the

examination, to which answers had been by them refused, were proper questions to be answered, and if they were, then to have the parties sent back to the referee to make answer, with the imposition of such fine as was authorized by law, because of their contumacy. It is with this last subject that we have here now to deal, other matters being out of the way, having been disposed of on the former appeal.

We have above seen that the fine in this proceeding was limited by the provisions of the Code, and by the *terms of the orders themselves*, to the matter of the plaintiff's *indemnity*. The question determined by the Special Term, and now before us for review, is, in what respect and in what amount the plaintiff had suffered " loss or injury," because of the defendants' refusal to make answer as directed by the order of the court. This subject, and this only, was sent back to the Special Term on the former appeal for examination and decision. It was said in the opinion then written that the " Special Term should have determined the case without a reference, by imposing the payment by the appellants of such sum as would indemnify the plaintiffs against loss and damage, because of their misconduct here of no great amount." Indeed, there was no loss or injury occasioned to the plaintiff by reason of the misconduct charged, save a mere (to some extent) fruitless attendance before the officer who was to take the examination. The plaintiff suffered no loss of property because of the defendant's misconduct. They disobeyed the order of the court in refusing to make answer to certain questions put to them as witnesses, and by so doing the rights of the plaintiff were impeded and perhaps prejudiced; and thus a loss or injury was sustained by him because of it to the extent of an attendance before the officer without a result to which he was entitled; and for this loss or injury he was entitled to indemnity. Now, what sum would be an indemnity for such loss or injury? Would it be more than the sum fixed by law for attendance upon a special motion before the court? Or for the taking of a deposition? An allowance by way of fine of an arbitrary, gross sum without proof of actual loss or injury was inadmissible. It was said in *Sudlow* v. *Knox* (7 Abb. [N. S.], 411), in speaking of a case like the present, where the accused was to be fined such sum as would compensate for the damages sustained by the party

from his misconduct, that " these damages must be ascertained by the like evidence  *  *  *  as upon the trial of an action brought for the injury," and further that " the amount is no more discretionary in proceedings under the statute as for contempt, to procure redress, than in an action brought for that purpose." So, it was held in *Simmonds* v. *Simmonds* (6 W. Dig., 263) that when a fine was to be imposed sufficient to indemnify the party injured, the court had no power to fix the amount arbitrarily, but must, in determining it, rest upon facts proved. There are other cases to the effect that where a fine is imposed for indemnity or recompense it should not exceed the actual damages sustained by the injured party. As a general rule the loss or injury in a case like the present, resting in some service of the attorney rendered ineffectual because of the misconduct of the party, should be measured by the amount fixed by law ; or if not so fixed, then by the amount fixed by law for similar or analogous services. Tested by this rule, and in view of the authorities above cited, the amount of loss or injury to which the plaintiff was entitled, by way of recompense and indemnity to him, did not exceed ten dollars against the defendants respectively. There was no legal proof, nor could there be in the nature of things, to make his damages fairly and justly to exceed such amount, by reason of the defendants' refusal to answer the questions propounded to them on the examination. But this amount did not of course cover all that might be included in the fines to be imposed. Besides such matter of damage, there was to be included the costs and expenses of the proceedings incurred by the plaintiff on his application to vindicate his right of examination. But it was decided in the *People ex rel. Scudder* v. *Cooper* (10 W. D., 77, per LEARNED, P. J.), that nothing could be allowed therefor beyond motion fees and disbursements. A counsel fee was not admissible. (*Sudlow* v. *Knox*, *supra ; Power* v. *Athens*, 19 Hun, 171, per LEARNED, P. J.) There were some expenses for disbursements which, perhaps, should be allowed, as appears by the affidavit of the plaintiff, to wit : paid for serving order on Flynn, one dollar and fifty cents ; paid for entering and certifying orders, four dollars and eighty cents ; eight affidavits, one dollar ; and postages, twenty-two cents ; aggregate, seven dollars and fifty-two cents. Many other matters of expense are put forward in the papers, but it is a full and complete answer

against their allowance, that they were not allowable as costs or disbursements, and as to many of them, that they were wholly unnecessary. All that was necessary to be done was the preparing of a short affidavit, with order to show cause, much the same, and no more·than usually attends the making of a plain, ordinary special motion in the progress of a cause in court.

In conclusion, we are of the opinion that the orders appealed from should be modified by reducing the amount of the fine against Patrick Flynn to twenty-seven dollars and fifty cents; and that against Mrs. Flynn to twenty dollars, and that neither party should have costs of appeal against the other.

So ordered.

LANDON, J. :

A criminal contempt is a misdemeanor (Penal Code, § 143), and whenever sought to be punished by indictment under the Penal Code, or summarily by the court in whose presence it is committed (Code of Civil Pro., § 10), or upon attachment upon the relation of the public prosecutor or of a private party, the proceeding is for the vindication of public justice. This proceeding is instituted by this plaintiff for his own indemnity, and he is only entitled to that measure of redress which will afford him that indemnity.

As now presented, the defendants are not called upon to answer as for criminal contempt.

I conclude to concur with brother BOOKES upon the ground that, although Patrick might have been proceeded against for criminal contempt, he was not in this proceeding.

LEARNED, P. J. (dissenting) :

I should agree with the opinion of my brother BOOKES if I were satisfied that this were not a case of " criminal contempt " under section 8 of the Code. Turning to the order of December 22, 1883, we find it recited that Patrick J. Flynn contumaciously refused to answer questions and evaded the same, and used *contemptuous and insulting language* to the judge before whom the examination was had, reciting the language; and then follows "*from all which this court decides that Patrick J. Flynn is guilty of a willful, intentional contempt.*"

On the appeal from that order to the General Term that court

in its opinion stated that defendant's conduct was "defiant and contumacious;" that the rulings of the officer were "*contumaciously spurned.*" The order of the General Term affirmed that order of the Special Term " in so far as it adjudged Patrick J. Flynn in contempt as therein stated."

It seems to me, therefore, to have been decided by this term that Patrick J. Flynn was guilty of "contumacious behavior and a contamacious and unlawful refusal to answer." This brings the case under section 8, sudivisions 1 and 5, and under section 9; and takes it out of the class of cases provided for in section 14, subdivision 5, and sections 2266, *et seq.* That is, the Special Term and the General Term decided that his conduct was a *criminal* contempt. If so, the fine is not limited by the damages sustained by the plaintiff. The order as to Rebecca was different in the omission of the word "intentional" and the omission of the recital of any contemptuous langugage used to the court.

I think, therefore, that as to Rebecca the order should be modified as stated in the opinion of Judge BOOKES; as to Patrick, affirmed. No·costs to either party.

Orders to be modified. (See opinion of BOOKES, J.) Order to be settled by BOOKES, J.